## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

October 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANK HUTCHINSON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0019** (BOR Appeal No. 2047172)
(Claim No. 2012001667)

**CABELL HUNTINGTON HOSPITAL,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Frank Hutchinson, by Lawrence B. Lowry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cabell Huntington Hospital, by Toni J. Minner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2012, in which the Board reversed an April 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 9, 2011, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is clearly the result of an erroneous conclusion of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Hutchinson worked as a mechanic and carpenter for Cabell Huntington Hospital. On July 13, 2011, Mr. Hutchinson twisted his right knee walking out of a designated break room following his allotted afternoon break. Mr. Hutchinson experienced an immediate onset of severe pain and was diagnosed with internal derangement of the knee. Mr. Hutchinson applied for workers' compensation benefits based on this injury. On August 9, 2011, the claims administrator rejected his application. Mr. Hutchinson came under the care of John Jasko, M.D., who had an MRI taken of his knee. The MRI revealed a medial meniscus tear, and Mr.

1

Hutchinson underwent a right knee arthroscopy and meniscectomy to repair the tear. Mr. Hutchinson then testified in a hearing before the Office of Judges. He admitted that he was not engaged in any work activity during his break. He stated that he had been laying tile flooring and repairing air conditioning units earlier in the day, both of which required kneeling. On April 25, 2012, the Office of Judges reversed the claims administrator's decision and found the claim compensable for a right knee meniscal tear. The Board of Review reversed the Order of the Office of Judges on December 6, 2012, leading Mr. Hutchinson to appeal.

The Office of Judges concluded that Mr. Hutchinson had sustained a compensable right knee meniscal tear. The Office of Judges found that Mr. Hutchinson was at work when he twisted his right knee. It also noted that he had been working on his knees all morning. The Office of Judges found that Mr. Hutchinson's afternoon break was an incident of his employment and the injury received during his break was compensable.

The Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's rejection of the claim. The Board of Review found that Mr. Hutchinson did not demonstrate that his right knee injury resulted from his employment. The Board of Review noted that Mr. Hutchinson merely got up and walked around a table when his right knee gave out.

The Board of Review's decision was not consistent with this Court's holding in *Shapaka v. State Compensation Commissioner*, 146 W. Va. 319, 119 S.E.2d 821 (1961) and is clearly the result of an erroneous conclusion of law. Mr. Hutchinson sustained a meniscal tear in the course of and resulting from his employment. When he was injured, he was on a coffee break in a designated break room. Mr. Hutchinson's coffee break was incidental to his work duties and sufficiently "conducive to the object of [his] employment" with Cabell Huntington Hospital that this injury should be covered under workers' compensation. *Id.* at 323-24, 119 S.E.2d at 824. Mr. Hutchinson's testimony that he was working on his knees prior to sustaining the compensable injury further indicates that his knee injury is causally connected to his work.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of an erroneous conclusion of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the Office of Judges' April 25, 2012, decision.

Reversed and Remanded.

**ISSUED:  October 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin